UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| LANDON MASON PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:18-CV-313-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| MR. KIZZIAH, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In response to *pro se* plaintiff Landon Price's claims, the Defendants moved to dismiss

or, in the alternative, for summary judgment. [R. 12]  Defendants seek dismissal in part because

Price failed to exhaust his administrative remedies in compliance with the Prison Litigation

Reform Act ("PLRA").  *See id.*  The Court ordered Price to respond to the defendants' motion

within thirty (30) days, but Price never did so. *See* [R. 13]

The record before the Court indicates that Price indeed failed to properly pursue his

administrative remedies prior to seeking relief under *Bivens v. Six Unknown Federal Narcotics*

*Agents*, 403 U.S. 388 (1971) in this Court.  "There is no question that exhaustion is mandatory

under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549

U.S. 199, 211 (2007); *see also* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to

prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as

are available are exhausted.").

Failure to exhaust is an affirmative defense under the PLRA and Price was "not required

to specially plead or demonstrate exhaustion in [his] complaint." *See Bock,* 549 U.S. at 216.

Nevertheless, the Defendants have now asserted their affirmative defense, and Price has wholly failed to respond to, much less refute, their contention that he did not file a single grievance related to the First and Eighth Amendment claims pending in this action.[1] *See* [R. 12-1; R. 12-2] "[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Scott v. State of Tenn.*, 878 F.2d 382 (Table), 1989 WL 72470 (6th Cir. July 3, 1989).

Because the record indicates Price failed to exhaust his administrative remedies with respect to his pending claims, and because Price has not opposed the defendants' motion to dismiss, dismissal of the present case is appropriate. Accordingly, and with the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED as follows:**

1. The Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment [**R. 12**] is **GRANTED**;

2. Price's pending claims are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies; and

3. This matter is **STRICKEN** from the Court's active docket.

This the 8th day of July, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

---

[1] Notably, the defendants submit evidence that Price successfully filed at least fourteen administrative remedy requests during his period of incarceration, suggesting that administrative remedies were indeed available to Price during his time in BOP custody and that Price understood how to seek such administrative relief. [R. 12-2 at p. 2] However, none of the fourteen grievances concerned the plaintiff's present claims. *Id.*